**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 2024cv_____

MCKESSON CORPORATION, a Delaware corporation,

        Plaintiff,

v.

PREMIER PHARMACY GROUP, LLC, a Colorado limited liability company; and
DAVID REED, individually,

        Defendants.

---

**COMPLAINT**

---

Plaintiff, McKesson Corporation ("Plaintiff" or "McKesson"), by its undersigned counsel, as and for its Complaint against Defendants, Premier Pharmacy Group, LLC ("Premier") and David Reed ("Reed" or "Guarantor") (Premier and Reed, together, the "Defendants"), alleges and states as follows:

**PARTIES**

1. McKesson is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business at 6555 State Hwy 161, Irving, Texas 75039.

2. McKesson is informed and believes, and based thereon alleges, that Defendant Premier Pharmacy Group, LLC was, at all times relevant herein, and is a Colorado limited liability company, with a principal place 4162 E. Bijou St., Colorado Springs, Colorado 80909. Upon information and belief, each of Premier's members are citizens of Colorado. As such, Premier is a citizen of Colorado. Premier can be served through its registered agent for service, United States

1

Corporation Agents, Inc., located at 121 S. Tejon Street, Suite 201, Colorado Springs, CO 80903; or wherever it may be found.

3. McKesson is informed and believes, and based thereon alleges, that Defendant David Reed was, at all times relevant herein, and is a natural person domiciled in Colorado Springs, Colorado, and, therefore, a citizen of Colorado. McKesson is further informed and believes, and based thereon alleges, that Reed is also known as David Kent Reed and also as David K. Reed. Reed guaranteed Premier's obligations to McKesson. Reed may be served at his last known address of 4162 E. Bijou St., Colorado Springs, Colorado 80909; or wherever he may be found.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds the sum value of $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant Premier because Premier has purposefully availed itself of the laws of this State and this Judicial District. Defendant Premier is organized and existing under the laws of Colorado.

6. Venue is also proper pursuant to 28 U.S.C. § 1391 because Premier regularly transacts business in this District, Defendants are residents of Colorado and reside within the District of Colorado, and Defendants are subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

**A.    Premier's Entry Into the Credit Application With McKesson**

7. McKesson is in the business of distributing pharmaceutical products to retailers, pharmacies and others.

8. Premier is in the business of providing pharmacy services to various facilities.

9. On or about May 23, 2022, Premier applied, in writing, for credit with McKesson Corporation, and its affiliated companies, for the purchase of pharmaceutical products from McKesson. In doing so, Premier executed a customer application on May 23, 2022 (the "Credit Application"). A true, correct and complete copy of the Credit Application (except for the redaction of social security numbers, tax ID numbers, and other private financial information) is attached hereto, and incorporated herein, as **Exhibit 1**.

10. In the Credit Application, Premier agreed to be bound by the Standard Terms of Sale published by McKesson as shown on McKesson's invoices or statements or by any written agreement or terms of sale with McKesson governing Premier's Account. Further, Premier agreed to pay for all purchases, fees and other charges incurred by Premier or an authorized user on account of Premier, including service charges on past due amounts at the highest rate permitted by law. Moreover, Premier agreed to pay McKesson for all reasonable attorneys' fees and expenses or costs that McKesson incurs for enforcement of its rights to collect amounts owed by Premier.

11. In addition, the Credit Application includes the Guarantor's absolute, unconditional and continuing guaranty of Premier's payment and performance of all Premier's obligations then or in the future owed to McKesson (the "Guaranty"). Moreover, the Guarantor agreed to pay McKesson for all reasonable attorneys' fees and expenses or costs that McKesson incurs for enforcing its rights under the Guaranty.

B. **Premier Breached The Credit Application By Failing To Pay For The Goods.**

12. Between December 2022 to March 2023 McKesson and Premier entered into a series of agreements evidenced by written invoices ("Invoices"), whereby McKesson agreed to

3

sell and Premier agreed to purchase pharmaceutical products (collectively, the "Goods"). A true and correct copy of redacted exemplar Invoices and a statement of Premier's Account evidencing the Invoice numbers, dates, amounts due, due dates and services charges ("Statement of Account") for Premier are attached hereto respectively as **Exhibits 2 and 3**.[1]

13. Between December 2022 and March 2023, McKesson shipped the Goods to Premier pursuant to the Invoices, for which Premier received and accepted in good condition, without objection, and without timely rejection or revocation of acceptance. The Invoices, along with the Credit Application, are hereinafter collectively referred to as the "Invoice Agreements."

14. Premier failed to make the Invoice payments when due and is in breach of the terms of the Invoice Agreements. As a proximate result of Premier's breach, McKesson has been damaged in the amount of $294,901.76.

15. Although demand for payment has been made, Premier failed and refused—and continues to fail and to refuse—to pay to McKesson the amount due and owing on the Invoices.

16. There is now due, owing and unpaid to McKesson from Premier the sum of $294,901.76, together with interest from the due date of each Invoice and other fees and charges pursuant to the terms of the Invoice Agreements, according to proof at time of trial or entry of judgment.

### C. **Reed Breached The Guaranty.**

17. Despite demand under the Guaranty, the Guarantor has not paid Premier's obligations to McKesson.

---

[1] Confidential pricing information has been redacted from the exemplar Invoices. McKesson agrees to provide unredacted copies of the Invoices to Defendants directly on request.

**D.     Conditions Precedent And Attorneys' Fees And Costs.**

18.     All conditions precedent to the initiation of this lawsuit have occurred, been performed, or have been waived or excused.

19.     McKesson performed all of the promises, conditions and covenants it agreed to perform pursuant to the terms of the Invoice Agreements, except for those promises, conditions and covenants excused by the acts and omissions of Defendants.

20.     The Credit Application and Guaranty provide that Defendants agree to pay all reasonable attorney fees and expenses or costs incurred by McKesson in enforcing its rights to collect amounts due therefrom. McKesson has retained the law firm of Buchalter, A Professional Corporation and is entitled to reasonable attorneys' fees and costs incurred in prosecuting this action.

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(Against Defendant Premier)**

21.     Plaintiff incorporates by reference all allegations contained in each paragraph of the Complaint as if those allegations were fully set forth herein.

22.     On or about May 23, 2022, McKesson and Premier entered into the Credit Application pursuant to which McKesson agreed to sell to Premier the Goods under the terms of the Credit Application.

23.     Between December 2022 to March 2023, McKesson and Premier entered into a series of agreements evidenced by the Invoices whereby McKesson agreed to sell and Premier agreed to purchase the Goods identified in the Invoices.

24. Between December 2022 and March 2023, McKesson shipped the Goods to Premier pursuant to the Invoice Agreements.

25. Premier received and accepted the Goods delivered by McKesson in good condition, without objection and without timely rejection or revocation of acceptance.

26. Premier breached the Invoice Agreements by failing to pay the Invoices for the Goods when due.

27. As a proximate result of Premier's breach, McKesson has been damaged in the amount of $294,901.76.

## SECOND CLAIM FOR RELIEF
### UNJUST ENRICHMENT / QUANTUM MERUIT
(Alternative Claim Against Defendant Premier)

28. Plaintiff incorporates by reference all allegations contained in each paragraph of the Complaint as if those allegations were fully set forth herein, with the exception of any allegation as to the existence of a contract between Premier and McKesson.

29. McKesson is in the business of obtaining and distributing pharmaceutical products to retailers, pharmacies and others.

30. McKesson dedicates significant time and resources in order to acquire and distribute those products to its clients.

31. McKesson relies upon payment from its customers in order to fund its operations, including the payments of its vendors.

32. McKesson expended resources in order to obtain and distribute the Goods to be distributed to Premier.

BN 80829760v1

33. Although Premier has accepted the Goods, it has refused or failed to pay McKesson for the Goods that were acquired and distributed at McKesson's expense.

34. Premier received the Goods, accepted them in good condition, without objection, and without timely rejection or revocation of acceptance.

35. Premier has been unjustly enriched because Plaintiff sold and delivered to Premier certain Goods as shown in the Invoices and Defendant agreed to pay therefore the sum of $294,901.76.

36. Premier had knowledge of, accepted, and retained the benefit of the Goods in the sum of $294,901.76.

37. Plaintiff expended time and resources to obtain and distribute the Goods to Premier, and Premier accepted and retained the Goods without the agreed-upon payment. Such circumstances make it unjust for Premier to retain the benefit of the Goods without proper compensation.

38. As a direct and proximate result of Premier's wrongful acts and omissions as described herein, Plaintiff has been damaged in an amount to be determined at trial, but in no case less than $294,901.76, plus accrued interest from the date of default.

### THIRD CLAIM FOR RELIEF
### BREACH OF GUARANTY
### (Against Defendant Reed)

39. Plaintiff incorporates by reference all allegations contained in each paragraph of the Complaint as if those allegations were fully set forth herein.

40. On or about May 24, 2022, in connection with Premier's Credit Application, Guarantor executed and delivered to McKesson the written Guaranty, for value received, a true and complete copy of which is attached as **Exhibit 1**.

41. Pursuant to the terms of the Guaranty, Guarantor guaranteed to McKesson the full and punctual payment, performance and satisfaction of the indebtedness of Premier to McKesson, then existing or thereafter arising or acquired, on an open and continuing basis.

42. Premier is indebted to McKesson pursuant to the terms of the Credit Application and Invoices in the sum of $294,901.76, together with unpaid accrued interest and late charges, according to proof at time of trial or entry of judgment

43. Guarantor breached the Guaranty by failing to pay McKesson the sums due and owing to McKesson by Premier.

44. As a direct and proximate result of Defendants' failure to pay McKesson for the Goods, McKesson has been, and continues to be, damaged by Guarantor's breach of the Guaranty.

45. As a result of Guarantor's breach of the Guaranty, McKesson has been damaged in the amount of $294,901.76 together with unpaid accrued interest and late charges.

## PRAYER FOR RELIEF

WHEREFORE, McKesson prays for judgment against Defendants as follows:

On the First and Third Claim for Relief:

1. For the sum of $294,901.76, together with interest and other fees and charges pursuant to the Invoice Agreements, according to proof at time of trial or entry of judgment

2. For reasonable attorneys' fees and expenses;

On the Second Claim for Relief:

3.  For the sum of $294,901.76, together with interest at the legal rate according to proof at time of trial or entry of judgment;

On All Claims for Relief:

4.  For costs of suit herein incurred; and

For such other and further legal and equitable relief, including pre-judgment and post-judgment interest, as the Court may deem just and proper.

Dated February 5, 2024.

BUCHALTER,
A Professional Corporation

*/s/ Clayton W. Barnett*
Robert B. Hinckley Jr.
Clayton W. Barnett
1624 Market Street
Denver, Colorado 80202
Telephone: (303) 253-6760
E-mail:  cbarnett@buchalter.com
rhinckley@buchalter.com

Joanne N. Davies, Wash. Bar No. 57796*
BUCHALTER, P.C.
1420 5th Avenue, Suite 3100
Seattle, WA 98101
Telephone:  (949) 224-6221
E-mail:  jdavies@buchalter.com

*Attorneys for Plaintiff,*
*McKesson Corporation, a Delaware corporation*

*To apply *pro hac vice*

Plaintiff's Address:

McKesson Corporation
6555 State Hwy 161
Irving, Texas 75039

BN 80829760v1