**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-00355-MDB

MCKESSON CORPORATION, a Delaware corporation,

    Plaintiff,

v.

PREMIER PHARMACY GROUP, LLC, a Colorado limited liability company; and DAVID REED, individually,

    Defendants.

___

**PLAINTIFF MCKESSON CORPORATION'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANTS**
___

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff McKesson Corporation ("Plaintiff" or "McKesson"), by and through its undersigned counsel, hereby requests entry of default judgment (the "Application") against Defendants Premier Pharmacy Group, LLC, ("Premier Pharmacy") and David Reed ("Reed" or "Guarantor"; with Premier Pharmacy collectively "Defendants"), and states as follows:

## I.  INTRODUCTION

Plaintiff is entitled to default judgment in the amount of **$336,422.90** against Defendants due to Defendants' default under certain agreements by and between the parties. Defendants failed to appear and defend themselves in this action and the Clerk of the Court entered default against Defendants. This application for default judgment is based on the below facts and circumstances and is supported by the Complaint and concurrently filed Declaration of Robyn Owen, Area Credit Manager for McKesson, setting forth the underlying agreements and Defendants' indebtedness to McKesson under those agreements ("Owen Decl.") and Declaration of Clayton Barnett, counsel

for Plaintiff, setting forth the attorneys' fees and costs that Plaintiff has incurred in this matter and setting forth the military, competency and majority allegations ("Barnett Decl.") with supporting exhibits attached thereto.

## II.     FACTUAL BACKGROUND

Plaintiff is in the business of distributing pharmaceutical products to retailers, pharmacies and others. [Owen Decl., ¶ 7]. On or about May 23, 2022, Premier Pharmacy applied, in writing, for credit with McKesson Corporation, and its affiliated companies, for the purchase of pharmaceutical products from McKesson. In doing so, Premier Pharmacy executed a customer application on May 23, 2022 (the "Credit Application") wherein Premier Pharmacy agreed to be bound by the Standard Terms of Sale published by Plaintiff as shown on Plaintiff's invoices or statements or by any written agreement or terms of sale with Plaintiff governing Defendant's account. [Owen Decl., ¶ 8].

Premier Pharmacy agreed to pay for all purchases, fees and other charges incurred by Premier Pharmacy or an authorized user on account of Premier Pharmacy, including service charges on past due amounts at the highest rate permitted by law. [Owen Decl., ¶ 9]. Moreover, Premier Pharmacy agreed to pay McKesson for all reasonable attorneys' fees and expenses or costs that McKesson incurs for enforcement of its rights to collect amounts owed by Premier Pharmacy. [Owen Decl., ¶ 10].

In addition, the Credit Agreement includes Defendant Reed's absolute, unconditional and continuing guaranty of Premier Pharmacy's payment and performance of all Premier Pharmacy's obligations then or in the future owed to McKesson (the "Guaranty"). [Owen Decl., ¶ 11].

Moreover, Defendant Reed agreed to pay McKesson for all reasonable attorneys' fees and expenses that McKesson incurs for enforcing its rights under the Guaranty. [*Id.*].

Based on Premier Pharmacy's completed Credit Application and Defendant Reed's accompanying Guaranty, Plaintiff extended credit to Premier Pharmacy. [Owen Decl., ¶ 12].

Between December 2022 and March 2023, Plaintiff and Premier Pharmacy entered into a series of agreements evidenced by written invoices ("Invoices"), whereby McKesson agreed to sell and Premier Pharmacy agreed to purchase pharmaceutical products (collectively, the "Goods"). [Owen Decl., ¶ 13 and Ex. A]. Between December 2022 and March 2023, McKesson shipped the Goods to Premier Pharmacy pursuant to the Invoices, for which Premier Pharmacy received and accepted in good condition. [Owen Decl., ¶ 14]. The Invoices, along with the Credit Application, are hereinafter collectively referred as the "Invoice Agreements."

Premier Pharmacy failed to make Invoice payments when due and is in breach of the terms of the Invoice Agreements. [Owen Decl., ¶ 15]. Despite demand under the Guaranty, Defendant Reed has not paid Premier Pharmacy's obligations to McKesson. [Owen Decl., ¶ 16].

As a proximate result of Defendants' breach, McKesson has been damaged in the principal amount of $294,901.76. [Owen Decl., ¶ 17].

Although demand for payment has been made, Defendants failed and refused, and continue to fail and refuse, to pay to McKesson the amount due and owing on the Invoices.  There is now due, owing and unpaid to McKesson from Defendants the principal sum of $294,901.76, together with interest from the due date of each Invoice and other fees and charges. [Owen Decl., ¶¶ 18-19].

The Invoice Agreements provide that Premier Pharmacy and Reed, as Guarantor, agree to pay all reasonable attorneys' fees and expenses or costs incurred by McKesson in enforcing its rights to collect amounts due therefrom. McKesson has retained the law firm of Buchalter, A Professional Corporation and is entitled to its reasonable attorneys' fees and costs incurred in prosecuting this action. [Owen Decl., ¶¶ 10-11, 21].

Plaintiff has performed all the promises, covenants and conditions it agreed to perform in accordance with the terms of the Invoice Agreements, except for those promises, covenants and conditions excused by the acts or omissions of Defendants. [Owen Decl., ¶ 20].

Plaintiff filed its Complaint on February 5, 2024, asserting three claims for relief: (i) Breach of Contract against Premier Pharmacy; (ii) Unjust Enrichment/Quantum Meruit against Premier Pharmacy; and (iii) Breach of Guaranty against Reed. [Dkt. 1; Owen Decl., ¶ 22; Barnett Decl., ¶ 5]. Defendants failed to respond to the Complaint and the Clerk of the Court entered default against each of them as follows: (1) default was entered against Defendant Premier Pharmacy on April 24, 2024; and (2) default was entered against Defendant Reed on April 25, 2024. [Dkts. 14 and 17; Owen Decl., ¶¶ 23-24; Barnett Decl., ¶¶ 9-10].

Defendant Premier Pharmacy is a limited liability company and, therefore, not in military service and is not an infant or incompetent person. [Barnett Decl., ¶ 3].

Defendant Reed is an individual and, on information and belief, is not in military service, nor an infant or incompetent person. [Barnett Decl., ¶ 4].

### III.  LEGAL STANDARD

In determining whether the entry of default judgment is warranted, the Court must first consider whether the Court has subject matter and personal jurisdiction. *Villanueva v. Account*

4

*Discovery Sys.*, LLC, 77 F. Supp. 3d 1058, 1067 (D. Colo. 2015) (citing *Dennis Garberg & Assocs. v. Pack–Tech Int'l Corp.,* 115 F.3d 767, 772 (10th Cir.1997); *Williams v. Life Sav. & Loan,* 802 F.2d 1200, 1202–03 (10th Cir.1986).

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. "Pursuant to Fed.R.Civ.P. 55(a), default may enter against a party who fails to appear or otherwise defend the case brought against it. However, even after entry of default, the Court must decide 'whether the unchallenged facts create a legitimate basis for the entry of a judgment.'" *Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (quoting *Greenwich Ins. Co. v. Daniel Law Firm,* No. 07–cv–2445–LTB–MJW, 2008 WL 793606, at *1 (D.Colo. Mar. 22, 2008). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court."

A trial court is vested with broad discretion in deciding whether to enter a default judgment. *Greenwich Ins. Co. v. Daniel Law Firm*, 07-CV-02445-TB-J, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008). "[U]pon a default, a plaintiff is entitled to a determination of liability unless he has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof." *Weft, Inc. v. G.C. Investment Assocs.,* 630 F.Supp. 1138, 1143 (D.C.N.C.1986).

Further, "[t]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." Villanueva v. Account Discovery Sys., LLC, 77 F. Supp. 3d 1058, 1067 (D. Colo. 2015) (quoting *Ruplinger v. Rains,* 946 F.2d 731, 732 (10th Cir.1991).

Upon review of the application for default judgment, the moving party enjoys the benefit of deferential pleading interpretation. The Court deems the well-pled facts (as opposed to merely conclusory statements) of the Complaint in this matter to be true. *Villanueva v. Account Discovery Sys*., LLC, 77 F. Supp. 3d 1058, 1072 (D. Colo. 2015) The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits. *Id*. (Citing *Greenwich* Supra.).

Thus, the Court must determine whether the allegations contained in Plaintiff's Complaint are sufficient to state a claim for relief. To state a claim for relief, the Complaint must contain sufficient factual matter, accepted as true, to show that the claim is plausible on its face. *Villanueva v. Account Discovery Sys*., LLC, 77 F. Supp. 3d 1058, 1072 (D. Colo. 2015) (Citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to reasonably infer that the defendant is liable for the alleged conduct. *Id.* A pleading that offers mere legal conclusions, or a recitation of the elements of a cause of action, is insufficient. *Id.*

## IV.     ANALYSIS

Here, all factors weigh in favor of granting Plaintiff's Application for Entry of Default Judgment.

### A.     Plaintiff Properly Served the Summons and Complaint On Defendants.

Plaintiff duly and properly served Defendants with the Complaint and Summons issued in this action. [Dkts. 9 and 11; Barnett Decl., ¶¶ 6-7]. Defendants, however, failed to appear in the action and did not file any answers or otherwise respond to the Complaint. [Barnett Decl., ¶ 8].

### B. Defendants Are Subject To The Personal Jurisdiction Of This Court.

Defendants are subject to the personal jurisdiction of this Court because Defendant Premier Pharmacy is a Colorado limited liability company and its principal place of business is located in Colorado. [Dkt. 1, ¶ 2]. Further, Defendant Reed is a natural person and McKesson is informed and believes that Reed is domiciled in Colorado Springs, Colorado, and is therefore a citizen of Colorado. [Dkt. 1, ¶ 3].

### C. The Court Has Subject Matter Jurisdiction Over The Action.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are of diverse citizenship and the matter in controversy exceeds, exclusive of interest and costs, $75,000.00.

### D. Defendants Are Liable To Plaintiff For Breach Of Contract.[1]

To establish a claim for breach of contract, a plaintiff must allege "(1) the existence of a contract; (2) performance by the plaintiff or some justification for its nonperformance; (3) the defendant's failure to perform the contract; and (4) damages." *O'Meara v. Skyline Destinations, LLC*, Civil Action No. 1:23-cv-01270-CNS-KAS, 2024 U.S. Dist. LEXIS 45432, at *10 (D. Colo. Mar. 14, 2024) (citation omitted).

Here, Plaintiff alleges the existence of a written contract – the Credit Agreement – between Plaintiff and Defendant Premier Pharmacy, which demonstrates that Premier Pharmacy is a customer of Plaintiff and agreed to pay Plaintiff for any goods that it purchased. [Dkt. 1 at 2-4,

---

[1] Plaintiff's Second Claim for Relief against Defendant Premier Pharmacy for Unjust Enrichment / Quantum Meruit was pled in the alternative in the event there was any challenge by Defendant Premier Pharmacy to the enforceability of the Credit Application between Plaintiff and Defendant Premier Pharmacy. Since the existence and enforceability of the Credit Application remains unchallenged, for the purpose of this Application for Entry of Default Judgment, Plaintiff relies on its breach of contract claims for relief.

Dkt. 1-1.] Plaintiff next alleges that it performed its obligations under the contract by delivering goods to Premier Pharmacy, which Premier Pharmacy received and accepted, and that Premier Pharmacy breached the Credit Agreement by failing to pay for the goods. [Dkt. 1 at 3-4.] Plaintiff also alleged damages resulting from Premier Pharmacy's breach by setting forth the amount of the unpaid invoices. [*Id.*]

Plaintiff also alleges the existence of a written contract – the Guaranty – between Plaintiff and Defendant Reed, which demonstrates that Reed guaranteed payment for any goods that Premier Pharmacy purchased. [Dkt. 1 at 3-4; Dkt. 1-1.] Plaintiff next alleges that it demanded payment from Defendant Reed and he failed to pay Premier Pharmacy's obligations to McKesson. [Dkt. 1 at 4.] Plaintiff also alleged damages resulting from Reed's breach by setting forth the amount of the unpaid invoices. [Dkt. 1 at 8.]

Because Plaintiff has pleaded unchallenged facts showing (1) the existence of contracts with Defendants, (2) Plaintiff's performance; (3) Defendants' failure to perform; and (4) alleged damages, Plaintiff has substantiated each material element of its claims for breach of contract against each Defendant. *O'Meara*, 2024 U.S. Dist. LEXIS 45432, at *11.

## V. RELIEF SOUGHT

Rule 54(c) of the Federal Rules of Civil Procedure provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Additionally, the pleadings must specifically state "the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Finally, in order for final judgment to be entered, Plaintiff must provide proof of the amount of their request for monetary damages. *Vassel v. Littleton Auto Repair LLC*, Civil Action No. 22-cv-1229-RMR, 2024

8

U.S. Dist. LEXIS 29749, at *12 (D. Colo. Feb. 21, 2024). A Court may enter default judgment without a hearing where the amount is "a liquidated sum or is capable of mathematical calculation." *Griego v. Ariz. Partsmaster, Inc.*, Civil Action No. 20-cv-0639-WJM-MEH, 2020 U.S. Dist. LEXIS 218613, at *10 (D. Colo. Nov. 23, 2020) (citation omitted).

The Court also has the discretion to award prejudgment interest. *Baxter Constr. Co., LLC v. SF Constr., Inc.*, Civil Action No. 22-cv-01117-NYW, 2024 U.S. Dist. LEXIS 64873, at *6 (D. Colo. Apr. 9, 2024). In a federal court diversity action such as this, the Court applies state law when determining prejudgment interest. *Id.* Under Colorado law, prejudgment interest for breach of contract may be awarded at the rate of eight percent per annum, compounded annually with a relevant start date is from when the moneys become due. *Id.*; Colo. Rev. Stat. § 5-12-102(1)(b), (2).

Here, because Plaintiff seeks only to recover the unpaid amounts of the Defendants' contractual obligation for goods received, the computation of damages in this case is exceptionally simple. The Owen Decl. and cited exhibits conclusively demonstrate that Plaintiff and Defendant Premier Pharmacy entered into the Invoice Agreements and Defendant Premier Pharmacy owes Plaintiff money due in the principal amount of $294,901.76 pursuant to the Invoice Agreements, as evidenced by a written accounting of Plaintiff's the purchase of certain medical products. [Owen Decl., ¶ 17]. The Owen Decl. further demonstrates that Defendant Reed as the Guarantor is required to pay the amounts owed by Premier Pharmacy to Plaintiff pursuant to the written Guaranty.

The amount of Defendants' indebtedness is established in the concurrently filed Declaration of Robyn Owen. Further, the amount of prejudgment interest, attorneys' fees and costs

9

that McKesson has incurred is established in the Declaration of Clayton Barnett at ¶¶ 11-18. Accordingly, Plaintiff prays for the entry of default judgment in its favor, and as against the Defendants Premier Pharmacy Group, LLC and David Reed, jointly and severally, as follows:

| | | |
|---|---|---:|
| A. | Principal balance due and owing: | $294,901.76 |
| B. | Prejudgment interest at 8% per annum compounded annually: | $23,592.14 |
| C. | Attorneys' fees pursuant to the Credit Application and Guaranty: | $16,805.00 |
| D. | Court filing and electronic fees: | $405.00 |
| E. | Service of process fees: | $719.00 |
| | **TOTAL DAMAGES:** | **$336,422.90** |

For a total judgment in the amount of $336,422.90 plus post-judgment interest as against Defendants Premier Pharmacy Group, LLC and David Reed, jointly and severally.

## VI.     CONCLUSION

Plaintiff requests that the Court enter a Default Judgment consistent with the relief requested herein.

DATED:  June 13, 2024                    BUCHALTER,
                                         A Professional Corporation

                                         By: *s/ Clayton W. Barnett*
                                         Robert B. Hinckley Jr.
                                         Clayton W. Barnett
                                         1624 Market Street
                                         Denver, Colorado 80202
                                         Telephone:  (303) 253-6760
                                         Email:   rhinckley@buchalter.com
                                                  cbarnett@buchalter.com
                                         *Attorneys for Plaintiff*