# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00355-MDB

MCKESSON CORPORATION, a Delaware corporation,

        Plaintiff,

v.

PREMIER PHARMACY GROUP, LLC, a Colorado limited liability company; and DAVID REED, individually,

        Defendants.
_____

**DECLARATION OF ROBYN OWEN IN SUPPORT OF PLAINTIFF MCKESSON CORPORATION'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES**
_____
_____

I, Robyn Owen, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am over the age of 21 and am competent in all respects to make this declaration (the "Declaration").  I am an Area Credit Manager for McKesson Corporation, ("Plaintiff"), which is located at 6555 State Hwy 161, Irving, Texas 75039.

2. I make this Declaration in support of Plaintiff's Application for Entry of Default Judgment as to Defendants, on my personal knowledge, except as to matters stated herein on my information and belief, and as to those matters, I believe my information and belief to be true and correct.  If called as a witness I could and would competently testify to the facts set forth herein.

3. In my capacity as Area Credit Manager for Plaintiff, I am a custodian of records for Plaintiff and am familiar with the ordinary and customary method and manner of the preparation and maintenance of Plaintiff's business records.  With specific regard to this matter, I am one of the custodians of the records, including the documents, agreements,

1

files and records of Plaintiff as they pertain to transactions between Plaintiff and Defendants.

4. In the ordinary course of its business, Plaintiff maintains a record of all contracts and agreements to which it is a party. Plaintiff's files include a written record of all account debtor invoices, payments made by the account debtors on account, interest and charges, and of the balances owing. This information is maintained by and retrieved from computers that are programmed for the above purposes. On or about the date any invoice or statement is generated, Plaintiff's employees, acting pursuant to Plaintiff's normal operating procedures, make a written record of the amount of the invoice and its terms. Similarly, on or about the date any payment is received from an account debtor, Plaintiff's employees make a written record of the amount of the payment and credits the same against the amounts due and owing under a particular invoice or promissory note. Plaintiff operates in reliance on this procedure and the accuracy of the written records generated thereby.

5. The above-described records constitute writings taken or made and kept in the normal course of Plaintiff's regularly conducted business activity, and it is Plaintiff's regular practice to make, keep and preserve such records. As set forth, such records are made at or near the time of the acts, conditions or events to which they relate by Plaintiff's employees who have a business duty to Plaintiff to accurately and completely, take, make and maintain such records and documents. These employees obtain the information contained in Plaintiff's records either from personal knowledge and observation or from persons employed by Plaintiff with personal knowledge of the acts and/or events recorded therein. Plaintiff operates in reliance on these procedures.

6. Based upon my review of Plaintiff's files, I am familiar with the agreements entered into by and between Plaintiff and Defendants, as well as Defendants' default and breach under the terms of the subject agreements, as herein described.

7. Plaintiff is in the business of distributing pharmaceutical products to retailers, pharmacies and others.

8. On or about May 23, 2022, Defendant Premier Pharmacy Group, LLC ("Premier Pharmacy") applied, in writing, for credit with McKesson Corporation, and its affiliated companies, for which Defendant Premier Pharmacy agreed to be bound by the Standard Terms of Sale published by Plaintiff as shown on Plaintiff's invoices or statements or by any written agreement or terms of sale with Plaintiff governing Defendant's account (the "Credit Application"). *See* ECF 1-1 at 203.

9. Defendant Premier Pharmacy agreed to pay for all purchases, fees and other charges it incurred –or an authorized user incurred on Defendant Premier Pharmacy's behalf—including service charges on past due amounts at the highest rate permitted by law. (*Id.*)

10. Moreover, Defendant Premier Pharmacy agreed to pay McKesson for all reasonable attorneys' fees and expenses or costs that McKesson incurs for enforcement of its rights to collect amounts owed by Premier Pharmacy. (*Id.*)

11. In addition, the Credit Application includes Defendant David Reed's ("Reed") absolute, unconditional and continuing guaranty of Premier Pharmacy's payment and performance of all Premier Pharmacy's obligations then or in the future owed to McKesson (the "Guaranty"). (*Id.* at 3) Moreover, Reed agreed to pay McKesson for all reasonable attorneys' fees and expenses or costs that McKesson incurs for enforcing its rights under the Guaranty. (*Id.*)

12. A redacted copy of Defendant Premier Pharmacy's Credit Application dated May 23, 2022 with the Reed's Guaranty is attached to the Complaint (Dkt. 1) as Exhibit 1 thereto. Based on the Credit Application with Guaranty, Plaintiff extended credit to Defendant Premier Pharmacy.

13. Between December 2022 and March 2023, Plaintiff and Defendant Premier Pharmacy entered into a series of agreements evidenced by written invoices ("Invoices"),

whereby McKesson agreed to sell and Premier Pharmacy agreed to purchase medical products (collectively, the "Goods").  A true and correct copy of exemplar Invoices (redacted to remove confidential pricing information) and an Account Statement for Premier Pharmacy is attached the Complaint (Dkt. 1) as Exhibits 2 and 3 thereto, and incorporated herein by this reference. Also, a true and correct copy of all the Invoices (redacted to remove confidential pricing information) is attached hereto and incorporated herein as **Exhibit A**.

14. Between December 2022 and March 2023, McKesson shipped the Goods to Premier Pharmacy pursuant to the Invoices, for which Premier Pharmacy received and accepted in good condition. The Invoices, along with the Credit Applications, are hereinafter collectively referred as the "Invoice Agreements."

15. Premier Pharmacy failed to make the Invoice payments when due and is in breach of the terms of the Invoice Agreements.

16. Reed also failed to pay Premier Pharmacy's obligations to McKesson.

17. Based on my review of the invoices there is now due and owing, an unpaid debit balance from Defendants to Plaintiff pursuant to the terms of the Agreements in the sum of at least $294,901.76, together with accrued unpaid interest, accruing interest and other charges.  *See* **Exhibit A**.

18. Plaintiff made a demand upon Defendants for payment of the unpaid debit balance sums due and owing under the terms of the Agreements; however, Defendants failed and refused, and continue to fail and refuse, to pay the sums due and owing to Plaintiff.

19. Plaintiff has performed all the promises, covenants and conditions it agreed to perform in accordance with the terms of the Invoice Agreements, except for those promises, covenants and conditions excused by the acts or omissions of Defendants.

20. McKesson has retained the law firm of Buchalter, A Professional Corporation and is entitled to reasonable attorneys' fees and costs incurred in prosecuting this action.

21. I am informed and believe and based thereon state that on February 5, 2024, Plaintiff filed its Complaint asserting three causes of action: (i) Breach of Contract against Premier Pharmacy; (ii) Unjust Enrichment/Quantum Meruit against Premier Pharmacy; and (ii) Breach of Guaranty against Reed.

22. I am informed and believe and based thereon state that Defendants have failed to defend the action.

23. I am informed and believe and based thereon state that on April 24, 2024, the clerk entered default against Defendant Premier Pharmacy for failure to defend the action and that on April 25, 2024, the clerk entered default against Defendant Reed for failure to defend the action.

**WHEREFORE**, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed at West Sacramento, CA this 29 day of May, 2024.

DocuSigned by:<br>
*Robyn Owens*<br>
D8B1A66F913F4BD...<br>
ROBYN OWEN