**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-00355-MDB

MCKESSON CORPORATION, a Delaware corporation,

    Plaintiff,

v.

PREMIER PHARMACY GROUP, LLC, a Colorado limited liability company; and DAVID REED, individually,

    Defendants.

---

**DECLARATION OF CLAYTON W. BARNETT IN SUPPORT OF PLAINTIFF MCKESSON CORPORATION'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANTS**

---

I, Clayton W. Barnett, declare as follows:

    1.    I am an attorney duly authorized and licensed to practice law in the State of Colorado and in the United States District Court for the District of Colorado and am a Senior Counsel of the law firm of Buchalter, A Professional Corporation, attorneys of record for McKesson Corporation ("Plaintiff"). I make this Declaration in support of Plaintiff's Application for Entry of Default Judgment as to Defendants. The facts set forth in this Declaration are based upon my personal knowledge and, if called upon to do so, I could and would competently testify to those facts.

    2.    I am one of the attorneys principally handling this action on Plaintiff's behalf. As of the date hereof, I have reviewed Buchalter's books, records and files as they pertain to this matter. As to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from my review of Buchalter's business records, and if sworn as a witness, I could and would testify competently to the truth thereof.

1

3. Defendant Premier Pharmacy Group, LLC ("Premier Pharmacy") is a limited liability company and therefore not in military service and is not an infant or incompetent person.

4. Upon Plaintiff's information and belief, Defendant David Reed, an individual ("Reed") is not in military service and is not an infant or incompetent person.

5. On February 5, 2024, Plaintiff McKesson Corporation filed its Complaint against Defendants Premier Pharmacy and Reed asserting three claims for relief: (i) Breach of Contract against Premier Pharmacy; (ii) Unjust Enrichment/Quantum Meruit against Premier Pharmacy; and (ii) Breach of Guaranty against Reed. *See* Dkt. 1 (Complaint).

6. On February 9, 2024, Defendant Premier Pharmacy was served with the summons, operative complaint and related documents. *See* Dkt. 9 (Proof of Service).

7. On March 10, 2024, Defendant Reed was served with the summons, operative complaint and related documents. *See* Dkt. 11 (Proof of Service).

8. Defendants failed to appear in the action and did not file answers or otherwise respond to the Complaint.

9. On April 24, 2024, the Clerk entered default against Defendant Premier Pharmacy. *See* Dkt. 14 (Clerk's Entry of Default).

10. On April 25, 2024, the Clerk entered default against Defendant Reed. *See* Dkt. 17 (Clerk's Entry of Default).

**McKesson's Request for Prejudgment Interest**

11. As set forth in the Complaint (Dkt. 1 at 2-3) and the concurrently filed Robin Owen Declaration at ¶¶ 13-14 and the Invoices attached thereto as Exhibit A, between December 2022 and March 2023, Premier Pharmacy ordered Goods from McKesson which McKesson shipped to

Premier Pharmacy and issued the Invoices but Premier Pharmacy failed to pay the Invoices when due. While the Invoices have been past due for more than one year, for ease of calculating prejudgment interest, McKesson seeks prejudgment interest for a look back of one year from the date of the filing of this Motion equaling $23,592.14 calculated as follows:[1]

| | |
|---|---|
| Principal balance owed: | $294,901.76 |
| Annual Rate: | 8% |
| Compounded: | Annually |
| Time period: | 1 Year |
| **Prejudgment Interest:** | **$23,592.14** |

**McKesson's Request for Attorneys' Fees**

12. McKesson has incurred attorneys' fees and costs in this matter for investigating Defendants' breach; preparing, filing, and serving its Complaint and other pleadings; and otherwise enforcing McKesson's rights and remedies under the Credit Application and Guaranty.

13. In the ordinary course of its business, Buchalter maintains written records of amounts billed to its clients. This information is maintained by and retrieved from computers which are programmed for the above purposes. It is the practice of Buchalter's employees to make a computerized record of all time billed to a particular matter. Buchalter operates in reliance upon this procedure and the accuracy of the written records generated thereby.

14. All the work performed by Buchalter's attorneys for this action were billed to McKesson through one specific client account. During the period in question, Buchalter used a

---

[1] A printout of the online Compound Interest Calculator utilized for this calculation is attached hereto and incorporated herein as **Exhibit 1**.

computer-based billing system. Buchalter requires each attorney to record time worked in increments of one-tenth of an hour on a daily basis based upon time spent and services provided. The daily billing is then entered into a database from which invoices are produced.

15. Two attorneys primarily billed on this matter.

   a. Joanne N. Davies, is a shareholder at Buchalter with significant experience handling complex litigation. Ms. Davies has practiced since 1999 in the State of California and since 2021 in the State of Washington. Ms. Davies was admitted to the U.S. District Court, District of Colorado in 2024. Ms. Davies was chosen to assist McKesson with its enforcement of its contractual rights because of her unique knowledge of McKesson's contracts and McKesson's relationship with its customers and their guarantors. Ms. Davies acts as outside litigation counsel for McKesson on its contractual litigation matters on a nationwide basis. Ms. Davies was involved in investigating McKesson's claims and drafting pleadings in this matter. Ms. Davies billed her time on this matter at her hourly rate of $650.

   b. I am Senior Counsel at Buchalter and have practiced in Colorado since 2005. For this matter, I was also involved in preparing pleadings. My billing rate for this matter was $490.00.

16. The hourly rates charged by Buchalter are reasonable and commensurate with other similarly situated attorneys practicing in this area. The attorneys' fees and costs incurred were both necessary and reasonable in light of the matter at hand.

17. McKesson has incurred $11,275.00 in attorneys' fees in connection with this matter which and estimates its fees incurred in the cost of preparing this Motion are an additional $5,530 (Ms. Davies spent 7 hours at $650/hour ($4,550) revising the application, declarations and proposed judgment and I spent an additional 2 hours at $490/hour ($980) reviewing, revising and finalizing the documents **$16,805**). Attached hereto as **Exhibit 2** are the redacted Buchalter invoices which contain the relevant time entries.[2]

18. McKesson has also incurred a total of **$1,124** in costs consisting of: $405 (complaint filing fee), $247 (service of process fee for Premier Pharmacy) and ($472 service of process fee for David Reed), all of which are properly chargeable to Defendants under the terms of the Credit Application and Guaranty. Attached hereto as **Exhibit 3** is the receipt for the filing fee and attached hereto as **Exhibit 4** are the costs entries for the service of process fees.

**WHEREFORE**, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed at in Denver, Colorado this 13th day of June, 2024.

                                              *s/ Clayton W. Barnett*
                                              CLAYTON W. BARNETT

---

[2] The Invoice includes time entries for other matters so the Invoices have been redacted to remove time entries for which McKesson is not seeking to recover against Defendants. To the extent a relevant time entry discloses attorney-client communications, those time entries have been redacted to remove reference to the content of the communication. The requested amount of attorneys' fees is for purpose of this application only. Should the parties litigate this matter, McKesson will seek recovery of all attorneys' fees that it have incurred in collecting on this debt.