IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24–cv–00355–DDD–MDB

MCKESSON CORPORATION, a Delaware corporation,

    Plaintiff,

v.

PREMIER PHARMACY GROUP, LLC, a Colorado limited liability company, and
DAVID REED, individually,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on Plaintiff McKesson Corporation's Application for Entry of Default Judgment as to Defendants. (["Motion"], Doc. No. 18.) Defendants have not responded, and the time to do so has passed. For the following reasons, the Court **RECOMMENDS** the Motion be **DENIED without prejudice**.

### BACKGROUND[1]

**I.    Procedural Posture**

---

[1] For the purpose of this Motion the Court presumes all well-pleaded factual allegations are true. *See United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact.").

This is a breach of contract action arising out of contractual agreements between Plaintiff McKesson Corporation ("Plaintiff" or "McKesson") and Defendant Premier Pharmacy Group ("Defendant PPG"). (*See generally* Doc. No. 1.)

Plaintiff initiated this action on February 5, 2024. (Doc. No. 1.) Defendant PPG was served through its registered agent on February 9, 2024. (Doc. No. 9.) Defendant Reed was personally served on March 10, 2024. (Doc. No. 11.) Neither Defendant filed an answer or otherwise responded to the Complaint, and the Clerk of Court entered default against Defendant PPG on April 24, 2024, and Defendant Reed on April 25, 2024. (Doc. Nos. 14; 17.) Plaintiff filed the instant Motion on June 14, 2024. (Doc. No. 18.) Plaintiff attaches the Declaration of Robyn Owen (Doc. No. 18-1), Defendant's invoices and an invoice summary sheet (Doc. No. 18-2), the Declaration of Clayton W. Barnett (Doc. No. 18-3), a calculation of interest (Doc. No. 18-4); Plaintiff's counsel's time entries (Doc. No. 18-5), a filing fee receipt (Doc. No. 18-6), and process server receipts (Doc. No. 18-7).

**II.     Operative Facts**

Plaintiff "distribut[es] pharmaceutical products to retailers, pharmacies and others." (*Id.* at ¶ 7.) Defendant PPG "provid[es] pharmacy services to various facilities." (*Id.* at ¶ 8.) On or about May 23, 2022, Defendant PPG submitted a written application (the "Credit Application") "for credit with McKesson Corporation, and its affiliated companies, for the purchase of pharmaceutical products from McKesson." (*Id.* at ¶ 9; Doc. No. 1-1; Doc. No. 18-1 at ¶ 8.) In the application, Defendant PPG

> agreed to be bound by the Standard Terms of Sale published by McKesson as shown on McKesson's invoices or statements or by any written agreement or terms of sale with McKesson governing Premier's Account. Further, Premier agreed to pay for all purchases, fees and other charges incurred by Premier or an authorized

2

> user on account of Premier, including service charges on past due amounts at the highest rate permitted by law. Moreover, Premier agreed to pay McKesson for all reasonable attorneys' fees and expenses or costs that McKesson incurs for enforcement of its rights to collect amounts owed by Premier.

(Doc. No. 1 at ¶ 10; *see* Doc. No. 1-1 at 2–3; Doc. No. 18-1 at ¶ 8–10.) The Credit Application also includes Defendant Reed's "absolute, unconditional and continuing guaranty of Premier's payment and performance of all Premier's obligations then or in the future owed to McKesson" and "all reasonable attorneys' fees and expenses or costs that McKesson incurs for enforcing its rights under the Guaranty." (the "Guaranty") (Doc. No. 1 at ¶ 11; Doc. No. 1-1 at 4; Doc. No. 18-1 at ¶ 11.)

Plaintiff and Defendant PPG entered into a series of agreements ("Invoice Agreements") between December 2022 and March 2023, whereby McKesson agreed to sell, and Defendant PPG agreed to purchase, pharmaceutical products. (Doc. No. 1 at ¶ 12; Doc. No. 1-2; Doc. No. 1-3; Doc. No. 18-1 at ¶ 13; Doc. No. 18-2.) Between December 2022 and March 2023, Plaintiff shipped the products to Defendant PPG, who accepted them without objection, and did not otherwise purport to revoke its acceptance. (Doc. No. 1 at ¶ 13; Doc. No. 18-1 at ¶ 14.) However, Defendant PPG failed to make timely payments for the products, which breached the Invoice Agreements. (Doc. No. 1 at ¶ 14; Doc. No. 18-1 at ¶ 15.) Defendant Reed also failed to pay for the products. (Doc. No. 18-1 at ¶ 16.) As a proximate result of Premier's breach, McKesson has been damaged for $294,901.76. (Doc. No. 1 at ¶ 14; Doc. No. 18-1 at ¶ 17; Doc. No. 18-2.)

Plaintiff brings three causes of action. Claim One is a breach of contract claim against Defendant PPG. (*Id.* at ¶ 21–27) Claim Two is an unjust enrichment/quantum meruit claim brought in the alternative against Defendant PPG. (*Id.* at ¶ 28–38.) Claim Three is a breach of guaranty claim brought against Defendant Reed. (*Id.* at ¶ 39–45.) Further, in addition to the

$294,901.76 owed under the Invoice Agreements, Plaintiff seeks $23,592.14 in prejudgment interest, $16,805.00 in attorney's fees, $405.00 in court filing fees, and $719.00 in process service fees, for a total of $336,422.90 plus post-judgment interest. (Doc. No. 18 at 10; Doc. Nos. 18-3; 18-4; 18-5; 18-6; 18-7.)

## LEGAL STANDARD

Courts must enter default judgment against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). The Clerk of Court may enter default judgment if the claim is for "a sum certain." Fed. R. Civ. P. 55(b)(1). In all other cases, as here, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Default judgment is typically available "only when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation omitted). "In that instance, the diligent party must be protected lest [it] be faced with interminable delay and continued uncertainty as to [its] rights." *Id.* at 732–33 (quotation omitted).

Before considering whether to enter default judgment, a court must resolve whether it has jurisdiction. *Villoldo v. Republic of Cuba*, 659 F. Supp. 3d 1158, 1167–68 (D. Colo. 2023). If the Court lacks jurisdiction—either subject matter over the action or personal over the defendant—default judgment cannot be entered. *Id.* at 1168.

If the jurisdictional requirements are met, the court then determines whether the well-pleaded factual allegations in the Complaint, along with any accompanying affidavits or exhibits, support a judgment on the claims against the defendant. *Id.*; *see also Bixler*, 596 F.3d at 762. In other words, default judgment is appropriate if the unchallenged facts in the pleadings establish a legitimate cause of action. *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d

4

1235, 1241 (D. Colo. 2015). The well-pled facts of the Complaint and undisputed facts presented by the moving party in affidavits and exhibits are accepted as true. *Id.* at 1242-43; *United States v. Craighead*, 176 F. App'x 922, 924–25 (10th Cir. 2006).

## ANALYSIS

I.   **Jurisdiction**

   A.  **Subject Matter Jurisdiction**

Plaintiff contends the Court has subject matter jurisdiction over this action on the basis of diversity jurisdiction. (Doc. No. 1 at ¶ 4.) Pursuant to 28 U.S.C. § 1332(a), the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States[.]" For purposes of diversity, PPG, as a limited liability company ("LLC"), takes on the citizenship of each of its members, *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015); Defendant Reed takes on the citizenship of the state where he is domiciled, *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014); and Plaintiff, a corporation, takes on the citizenship of the state where it is incorporated and the state where it has its principal place of business, *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009).

For diversity purposes, Plaintiff is a citizen of Delaware and Texas. (Doc. No. 1 at ¶ 1.) As for Defendant PPG, Plaintiff states it "is informed and believes" PPG is "a Colorado limited liability company, with a principal place [of business at] 4162 E. Bijou St., Colorado Springs, Colorado 80909." (Doc. No. 1 at ¶ 2.) Plaintiff also says—based "[u]pon information and belief,"—that "each of [PPG's] members are citizens of Colorado." As for Defendant Reed,

5

Plaintiff states it "is informed and believes" Mr. Reed is "domiciled in Colorado Springs, Colorado, and therefore [is] a citizen of Colorado." (Doc. No. 1 at ¶ 3.) Plaintiff further alleges Mr. Reed's "last known address" is 4162 E. Bijou St., Colorado Springs, Colorado 80909. (*Id.*)

These assertions, however, are insufficient to satisfy Plaintiff's burden. *See Cunningham v. Nationwide Ins. of Am.*, 2022 WL 3920832, at *2 (D. Colo. Aug. 30, 2022) (noting it is the plaintiff's "burden to show diversity of citizenship" when seeking default judgment); *see also United States v. 51 Pieces of Real Prop.,* 17 F.3d 1306, 1309 (10th Cir. 1994) (noting "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action."). "The lion's share of federal authority ... concludes that allegations of citizenship made on 'information and belief' are insufficient to establish diversity jurisdiction." *Etana Custody Inc. v. Stratford Sols. SL*, 2024 WL 4123495, at *2 (D. Colo. Sept. 9, 2024) (quoting *Aghdashloo v. Mohseni*, 2022 WL 4630042, at *4 (S.D. Ohio Sep. 30, 2022) (collecting cases)). And here, Plaintiff does nothing more than make allegations based on "information and belief." Plaintiff does not attach documentation to support its belief, nor does Plaintiff include any additional and specific allegations tending to support its beliefs. Moreover, while Plaintiff contends PPG's members are citizens of Colorado, it does not identify those members. *See generally Phillips v. Calista Corp.*, 2018 WL 3640712, at *1 (D. Colo. July 31, 2018) ("Because the notice of removal does not identify Universal Praxis, LLC's members ... the Court is unable to determine the citizenship of Universal Praxis, LLC."); *see also Fifth Third Bank v. Flatrock 3*, LLC, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010) (concluding that an allegation that "upon information and belief, the members of [an LLC] are citizens of New

6

York" was insufficient because plaintiff "failed to identify or trace the citizenship of each individual member" of the LLC (internal quotation marks omitted)).[2]

Furthermore, the Court lacks clarity as to Defendant Reed's citizenship. The Complaint alleges Mr. Reed is a Colorado citizen (*see* Doc. No. 1 at ¶ 3), but the Credit Application lists Mr. Reed's "home address" as 50 N. Depot Street, New Palestine, Indiana 46163.[3] (*See* Doc. No. 1-1 at 4; *see also* Doc. No. 11.) Plaintiff does not explain this discrepancy.

## CONCLUSION

For the foregoing reasons, the Court respectfully **RECOMMENDS** Plaintiff McKesson Corporation's Application for Enter of Default Judgment as to Defendants (Doc. No. 18) be **DENIED without prejudice**. The Court further **RECOMMENDS** Plaintiff be allowed to amend its Complaint such that it sufficiently satisfies its burden on subject matter jurisdiction.

Dated this 12th day of November, 2024.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

---

[2] Further, though the Complaint refers to PPG's "members," the Credit Application appears to show Defendant Reed had 100% "ownership" of PPG at the time of the application. (Doc. No. 1-1 at 3.)

[3] Additionally, the Colorado address Plaintiff associates with Mr. Reed in the Complaint—4162 E. Bijou St., Colorado Springs, Colorado 80909—is the same address it associates with PPG, (Doc. No. 1 at ¶¶ 2, 3), and based on the Court's independent research, this address appears to be a commercial rather than residential property.